IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GREGORY L. WALLACE,<br><br>  Plaintiff,<br><br>vs.<br><br>BENJAMIN BOULEY, ROBERT SPOJA, SILVER BOW COUNTY ATTORNEY SHEA, and MONTANA STATE PRISON INFIRMARY,<br><br>  Defendants. | CV 19-00007-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Gregory Wallace, a state prisoner proceeding without counsel, submitted a nearly incoherent document which was liberally construed as a civil complaint. (Doc. 1.) On January 31, 2019, the Court issued an Order requiring Mr. Wallace to either pay the statutory filing fee of $400.00 or file a motion to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2.) In addition, Mr. Wallace was advised that his filing was subject to the three-strikes provision of 28 U.S.C. § 1915(g) because he had on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. He was

-1-

advised that if he filed a motion to proceed in forma pauperis he had to file a brief setting forth sufficient facts to show that he is in imminent danger of serious physical injury. He was advised that a failure to provide such information would result in a recommendation that his motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g) and that the case would be dismissed. (Doc. 2.)

On February 27, 2019, Mr. Wallace filed a motion to proceed in forma pauperis with a supporting account statement (Doc. 3) and a Complaint form (Doc. 4). Mr. Wallace alleges violations of the Fifth and Sixth Amendments to the United States Constitution occurring between March 3, 2012 and February 18, 2019. But he provides no facts regarding his claims, he simply refers to his direct appeal in DC: 11-0495(11-17523). In the injury section of the Complaint form, Mr. Wallace states: "See May 5, 2012 to May 11, 2016 Infirmary H Pyloria 1 Blood contamination caused by retaliation of Montana State Prison Unit Management and Infirmary Administrative actors." (Doc. 4 at 6-7.)

Mr. Wallace's allegations are insufficient to show that he is in imminent danger of serious physical injury. To meet this exception under § 1915(g), the complaint must "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (*quoting* § 1915(g) ). The "threat or prison

condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (*quoting Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). The allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

The only possible allegation of physical injury in Mr. Wallace's Complaint is in the injury section where Mr. Wallace complains of blood contamination occurring between May 5, 2012 and May 11, 2016. Mr. Wallace's Complaint was filed January 4, 2019. There is simply no basis to find that events which occurred two and a half years prior to the filing of the Complaint established an imminent danger of serious physical injury at the time Mr. Wallace filed suit.

Mr. Wallace has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case without showing that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g). Mr. Wallace does not provide any factual information sufficient to establish that he is in "imminent danger of serious physical injury." The Court gave Mr. Wallace an opportunity to provide factual information to establish that he is in "imminent danger of serious physical injury" and he failed to do so.

Accordingly, the Court finds that Mr. Wallace was not under imminent danger of serious physical injury at the time he filed his Complaint. As such, his motion to proceed in forma pauperis should be denied.

Mr. Wallace is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Accordingly, the Court issues the following:

### RECOMMENDATIONS

1. Mr. Wallace's Motion to Proceed in Forma Pauperis (Doc. 3) should be DENIED.

2. This matter should be closed if Mr. Wallace fails to pay the $400.00 filing fee within 21 days of the adoption of these Findings and Recommendations.

DATED this 4th day of March, 2019.

                                                 */s/ John Johnston*
                                                 John Johnston
                                                 United States Magistrate Judge